IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREG TONOKOUIN,

    Plaintiff,

  v.

THE CITY OF SACRAMENTO, CAPTAIN JOSE VALENZUELA, SERGEANT JUSTIN RISKY, and DOES 1-10, inclusive,

    Defendants.
_____/

No. 2:08-cv-00099-JAM-JFM

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On November 16, 2007, Greg Tonokouin ("Plaintiff") brought an action in Sacramento Superior Court against the City of Sacramento, Captain Jose Valenzuela, and Sergeant Justin Risky (collectively, "Defendants"), for violation of 42 U.S.C. § 1983, defamation, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, interference with prospective economic advantage, and injunctive relief under California Civil Code § 3422.  On January 14, 2008, Defendants removed the action to this Court. Defendants subsequently filed a Motion for Summary Judgment.  Plaintiff

opposed the Motion.  For the reasons stated below, Defendants' Motion for Summary Judgment is GRANTED.[1]

## BACKGROUND

Plaintiff was employed by Sacramento County Mental Health Treatment Center ("SCMHTC").  In November of 2004, a patient accused Plaintiff of a sexual battery.  Statement of Undisputed Facts ("SUF") ¶ 6.  There had been two previous accusations against Plaintiff of inappropriate sexual contact in or about 2000 and 2001.  Id. ¶ 8.  On May 5, 2005, following an investigation, Plaintiff was arrested pursuant to a warrant for two felony counts of lewd and lascivious acts with a dependant person, in violation of California Penal Code § 288(c)(2).  Id. ¶ 1.

On May 18, 2005, the City of Sacramento posted a press release on its public website concerning Plaintiff's arrest (the "Press Release").  Id. ¶ 2.  The Press Release stated:

> On November 18, 2004, the Sacramento Police Department responded to the report of a sexual battery committed by a Crisis Unit staff member against a patient within the Sacramento County Mental Health Treatment Center (SCMHTC). The battery was described as a forced and unwanted kiss. SCMHTC is a County facility that houses clients for a myriad of psychological impairments.
>
> Upon further investigation, Elder and Dependent Adult Abuse Detective Amy Crosby, learned that in 2000, two

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

former SCMHTC patients had previously filed complaints with SCMHTC involving inappropriate sexual contact by the same suspect.  One client, a 25-year-old female, claimed she was sexually pursued and kissed by the suspect, eventually leading to consensual sex within the facility.  The other client, a 44 year-old female, claimed the suspect hugged her in a sexual manner and sexually pursued her as well.

After an extensive investigation, Detective Crosby arrested the former SCMHTC staff employee, Greg Tonoukouin [sic] (DOB-11/05/64) on May 5, 2005 for two felony counts of Lewd and Lascivious Acts against a dependent adult.

As far as we know there are no further allegations of inappropriate contact between this suspect and patients at SCMHTC.  The allegations against this particular staff employee appear to be confined to these three patients.  Patients at SCMHTC are designated dependent adults since they are receiving treatment for mental impairments that render them a danger to others or incapable of caring for their own safety.

Anyone with information regarding this case is requested to call Crime Alert at (916) 443-HELP or (800) AA-CRIME.  Callers may remain anonymous and are eligible for up to a $1,000 reward.

Knopf Decl., Ex. D, Docket at 22.  The Press Release also included a picture of Plaintiff.  Id.

Plaintiff became aware of the Press Release on May 20, 2005.  Id.  All charges against Plaintiff, including several

that were subsequently added, were dismissed on October 31, 2006. The Press Release, however, remained on the City of Sacramento website.

Plaintiff presented a claim regarding his state law causes of action on April 25, 2007. Id. ¶ 3. Plaintiff filed his initial complaint in Sacramento Superior Court on November 16, 2007. Id. ¶ 4.

## OPINION

The limitations period for a claim brought under 42 U.S.C. § 1983 is the same as that of the analogous state law claim. See Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). In California, the statute of limitations for defamation is two years. See California Code of Civil Procedure § 335.1.

Defendants argue that California's single publication rule applies to Plaintiff's claim. "In California the accrual of causes of action growing out of the publication of defamatory or other tortious statements is governed by the single publication rule." Traditional Cat Assn., Inc. v. Gilbreath, 118 Cal.App.4th 392, 395 (2004); see also Cal. Civ. Code § 3425.3. "Under the rule, one cause of action will arise, and the statute of limitations will commence running, upon the first general publication or broadcast of a tortious statement, notwithstanding how many copies of the publication are distributed or how many people hear or see the broadcast." Gilbreath, 118 Cal.App.4th at 395. The single publication rule applies to content posted on the Internet. See id. at 402-3.

Federal, not state law, however, determines when a claim accrues.  See Canatella v. Van De Kamp, 486 F.3d 1128, 1133 (9th Cir. 2007).  Therefore, contrary to Defendants' assertion, "California's single publication rule does not apply to Plaintiff's claims by its own force. Instead, under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (internal citation omitted).  However, the Ninth Circuit has applied the logic behind the single publication rule once the federal standard has been met.  Id. (citing Oja v. United States Army Corps of Eng'rs, 440 F.3d 1122(9th Cir. 2006)).

Because Plaintiff brought his claim over two years after both the initial publication of and the date on which he became aware of the Press Release, his claim under 42 U.S.C. § 1983 is time-barred.  However, Plaintiff argues that the underlying violation is the City of Sacramento's custom and policy of failing to remove the names of accused persons after charges against them have been dismissed.  Therefore, Plaintiff argues the limitations period commenced on October 31, 2006, the date on which the charges against him were dismissed.

The fact that the charges against Plaintiff were eventually dismissed has no bearing on whether the Press Release was defamatory or when a claim accrued.  The Press Release truthfully indicated that Plaintiff had been accused of sexual misconduct and had been arrested.  It did not state that the Plaintiff was guilty of any misconduct.  The fact that the charges against Plaintiff were dismissed does not change the

fact that he was accused of sexual misconduct and was arrested.[2] The dismissal of claims against Plaintiff does not affect the date of accrual of his 42 U.S.C. § 1983 claim.

Plaintiff also argues that because the Press Release remained on the website, the statute of limitations did not toll because it was continuously published until 2008. Plaintiff alternatively argues that because his picture was removed from the Press Release for a brief period in 2007, the Press Release was republished, triggering a new limitations period.

Courts have specifically found that websites fall under the single publication rule. See Oja, 440 F.3d at 1133 (applying single publication rule to website); see also Canatella, 486 F.3d at 1134 (same). The cases cited by Plaintiff to support a continuing wrong doctrine are inapposite. In those cases, the continuing wrong doctrine was applied in the context of employment law, not defamation. Furthermore, Plaintiff has produced no evidence that his picture was ever removed from the Press Release. Because the limitations period began to toll upon the initial publication of the Press Release in May 2005, Plaintiff's 42 U.S.C. § 1983 claim is time-barred.

Even if Plaintiff's claim were not time-barred, he has not shown a deprivation of a liberty or property interest as required by 42 U.S.C. § 1983. See Patton v. County of Kings,

---

[2] In fact, even if Plaintiff's claim were not time-barred, summary judgment would be appropriate for Plaintiff's 42 U.S.C. § 1983 claim because falsity of the statement is a requisite to bringing a claim of defamation. See Taus v. Loftus, 40 Cal.4th 683, 720 (2007).

857 F.2d 1379, 1381 (9th Cir. 1988) ("[D]amage to reputation is not actionable under § 1983 unless it is accompanied by some more tangible interests.") (internal citation omitted). Accordingly, summary judgment on Plaintiff's 42 U.S.C. § 1983 claim is appropriate.

Plaintiff's state law claims are also time-barred. Plaintiff was required to present a claim to the City within six months of the accrual of the cause of action. See Cal. Gov. Code §§ 945.4, 911.2. Claim presentation requirements are jurisdictional and mandatory. See Fidelity & Deposit Co. v. Claude Fisher Co., 161 Cal.App.2d 431, 436-37 (1958). Because Plaintiff's claim accrued in May 2005, he did not present his claim within the applicable limitations period. Accordingly, summary judgment is appropriate as to Plaintiff's state law claims.

ORDER

For the reasons stated above, Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: June 1, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE