IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG TONOKOUIN, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CITY OF SACRAMENTO, CAPTAIN JOSE VALENZUELA; SERGEANT JUSTIN RISKY and DOES 1 through 10, inclusive,<br><br>        Defendants.<br>_____/ | No. 2:08-cv-00099 JAM JFM<br><br>ORDER GRANTING ATTORNEYS' FEES |

On November 16, 2007, Greg Tonokouin ("Plaintiff") brought an action in Sacramento Superior Court against the City of Sacramento (the "City"), Captain Jose Valenzuela, and Sergeant Justin Risky (collectively, "Defendants"), for violation of 42 U.S.C. § 1983, defamation, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, interference with prospective economic advantage, and injunctive relief under California Civil Code §

1

3422.  On January 14, 2008, Defendants removed the action to this Court. Defendants then filed a Motion for Summary Judgment. Plaintiff opposed the motion. On June 1, 2009, this Court granted Summary Judgment in favor of Defendants on the grounds that all six of Plaintiff's causes of action are time-barred. Docket at 33. This Court also determined that the City's allegedly defamatory press release did not deprive Plaintiff of a liberty or property interest as required by § 1983 because it contained only truthful statements.  Id.  Having prevailed in the action, the City now seeks to recover attorneys' fees. Plaintiff opposes the City's motion herein.  For the reasons stated below, the City's Motion for Attorneys' Fees is GRANTED.[1]

OPINION

The City argues that it is entitled to mandatory attorneys' fees in the amount of $19,600 because it is a "prevailing defendant" under Cal. Code Civ. Proc. § 425.16(c) (hereinafter "Anti-SLAPP statue").  The City alternatively argues that the Court has discretion to award attorneys' fees under 42 U.S.C. § 1988 or Cal. Code. Civ. Pro. § 1038.

Under California's Anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

2

recover his or her attorneys' fees and costs." Cal. Code Civ. Proc. § 425.16(c). However, the City is not a "prevailing defendant" because this Court did not reach the issue of the City's § 425.16 motion to strike. Rather, the Court granted summary judgment in favor of Defendants as to all of Plaintiff's causes of action on alternative grounds. Thus, the City is not entitled to a mandatory award of attorney's fees under Cal. Code Civ. Proc. § 425.16(c).

The City is, however, entitled to attorneys' fees under 42 U.S.C. § 1988 and/or Cal. Code Civ. Pro. § 1038. "In any action ...to enforce [§ 1983] the court, in its discretion, may allow the prevailing party...a reasonable attorney fee as part of its costs." 42 U.S.C. § 1988. The Ninth Circuit has stated:

> A district court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was unreasonable, frivolous, meritless, or vexatious. An action becomes frivolous when the result appears obvious or the arguments are wholly without merit.

Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007). For the state law claims, Cal. Code Civ. Pro. § 1038 "authorizes an award of defense costs, including attorney fees, where specified procedural requirements are met and the trial court determines that the plaintiff brought the action without 'reasonable cause' or without 'the good faith belief that there was a justifiable controversy under the facts and law which

warranted the filing of the complaint.'" <u>Knight v. Capitola</u>, 4 Cal.App.4th 918, 931 (1992)(quoting Cal. Code Civ. Pro. § 1038).

Although not brought in subjective bad faith, Plaintiff's action was "meritless" and without "reasonable cause." The action was filed outside the statute of limitations. The City's alleged failure to discuss its meritorious defenses with Plaintiff's counsel prior to filing its Motion for Summary Judgment is not a valid legal reason not to award attorneys fees to the City in this case. Plaintiff chose not to voluntarily dismiss his claims or seek to dismiss his claims in exchange for a waiver of attorneys fees and costs despite having been put on notice of the City's defenses through discovery responses and the Motion for Summary Judgment.  Furthermore, Plaintiff cannot maintain that the allegedly defamatory statements are untruthful. The press release asserted that the Plaintiff had been accused of sexual misconduct and had been arrested. The fact that the charges against Plaintiff were dismissed does not change the fact that Plaintiff was accused of sexual misconduct and was arrested. On these grounds, Plaintiff's action is unreasonable and without foundation.  Thus, the City is entitled to an award of attorney's fees in the amount of $19,600.00.

//

//

//

ORDER

For the reasons stated above, the City's Motion for Attorneys' Fees is GRANTED.  The City is hereby awarded $19,600.00.

IT IS SO ORDERED.

Dated: July 29, 2009        _____
                            JOHN A. MENDEZ,
                            UNITED STATES DISTRICT JUDGE